FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 29, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DAWN H.,

     Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

No. 2:17-CV-00158-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

     Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 18 & 19.  Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Disability Insurance Benefits under Title II and her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 401-434, 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

below, the Court **GRANTS** Defendant's Motion for Summary Judgment and

**DENIES** Plaintiff's Motion for Summary Judgment.

## I.     Jurisdiction

Plaintiff filed her application for Disability Insurance Benefits and her application for Supplemental Security Income on September 15, 2011. AR 325-36. Her alleged onset date of disability is June 24, 2010. AR 182, 325, 332. Plaintiff's applications were initially denied on March 5, 2012, AR 213-19, and on reconsideration on August 14, 2012, AR 224-31.

A hearing with Administrative Law Judge ("ALJ") Marie Palachuk occurred on September 10, 2013. AR 61-93. On September 20, 2013, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 182-94. Plaintiff appealed the decision and submitted new information to the Appeals Council, which remanded the case for further proceedings. AR 201-04.

A subsequent hearing with the ALJ occurred on July 9, 2015. AR 94-114. On August 7, 2015, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 22-40. Plaintiff appealed the decision and again submitted 1161 pages of new information to the Appeals Council, which determined 410 pages did not pertain to the time period and 751 pages did pertain to the time period but do not provide a basis for changing the ALJ's decision. AR 2. The

Appeals Council denied Plaintiff's request for review on March 16, 2017, AR 1-7, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on May 15, 2017. ECF No. 5. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies

for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a

mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115.

The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 43 years old at the alleged date of onset. AR 34, 38, 325, 332. She has a high school education and some college. AR 34, 38, 1534. Plaintiff is able to communicate in English. AR 34, 38. Plaintiff has past work as a hairstylist, barber, and cosmetologist. AR 34, 38, 340-42, 373.

## V.    The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from June 24, 2010, through the date of the ALJ's decision. AR 23, 40.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 24, 2010 (citing 20 C.F.R. §§ 404.1571 *et seq*., and 416.971 *et seq*.). AR 25.

**At step two**, the ALJ found Plaintiff had the following severe impairments: atypical chest pain, obesity, recurrent Bells' Palsy, fibromyalgia, mild degenerative disc disease of the lumbar spine, pseudotumor cerebri, status post bask surgery November 2013, and carpal tunnel syndrome diagnoses in 2013 (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). AR 25.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 26.

**At step four**, the ALJ found, from the alleged onset date though September 2013, Plaintiff had the residual functional capacity to perform light work, except: she could perform all postural activities on an occasional basis except never climbing ladders, ropes, or scaffolds; frequently reach/handle/finger bilaterally; and she needed to avoid even moderate exposure to hazards such as machinery and heights. AR 27.

The ALJ found that after September 2013, Plaintiff had the residual functional capacity to perform sedentary work, except: she could perform all postural activities on an occasional basis except never climbing ladders, ropes, or scaffolds; frequently reach/handle/finger bilaterally; and she needed to avoid even moderate exposure to hazards such as machinery and heights. AR 36.

The ALJ found that Plaintiff is unable to perform her past relevant work. AR 34, 38.

**At step five**, the ALJ found, in light of her age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 35, 38. These include

graders/sorters such as mail sorter and products inspector/checker such as a warehouse checker. *Id.*

## VI.     Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred because: (1) new evidence submitted for the first time on appeal undermines the ALJ's decision; (2) the ALJ improperly discredited Plaintiff's subjective complaint testimony; (3) the ALJ improperly evaluated the medical opinion evidence; and (4) the ALJ improperly evaluated the lay witness evidence.

## VII.   Discussion

### A. The New Evidence Does Not Undermine the ALJ's Decision.

Following the ALJ's second determination finding Plaintiff ineligible for disability benefits, Plaintiff filed a request for review and submitted 1161 pages of new evidence to the Appeals Council in conjunction with her request for review of the ALJ's decision. AR 1-7. The Appeals Council rejected 410 pages of the new evidence because it did not pertain to the applicable time period. AR 2. The Appeals Council "considered" 751 pages of new evidence, entered the new evidence into the record as Exhibits 30F-34F (AR 1523-2280), and determined that this new evidence did not provide a basis for changing the ALJ's decision. *Id.*

1    Plaintiff does not contend that the Appeals Council or the Commissioner

2    improperly rejected new evidence, rather she asserts that the Appeals Council

3    undermined the evidentiary basis for the ALJ's decision by admitting the new

4    evidence into the record without more discussion than that which the Appeals

5    Council provided. ECF No. 18 at 3-6.

6        While the Court may review the final decisions of the Commissioner of

7    Social Security, 42 U.S.C. § 405(g), the Court does "not have jurisdiction to

8    review a decision of the Appeals Council denying a request for review of an ALJ's

9    decision, because the Appeals Council decision is a non-final agency action."

10   *Brewes v. Comm'r of Soc. Sec. Admin,* 682 F.3d 1157, 1161 (9th Cir. 2012).

11   However, the Court reviews the administrative record, which "includes evidence

12   submitted to and considered by the Appeals Council." *Id.* at 1162. "If new and

13   material evidence is submitted, the Appeals Council shall consider the additional

14   evidence only where it relates to the period on or before the date of the

15   administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Such

16   evidence, when considered by the Appeals Council, "becomes part of the

17   administrative record." *Brewes*, 682 F.3d at 1163. New evidence considered by the

18   Appeals Council can negatively impact the ALJ's decision if, taking the new

19   evidence into account, the ALJ's decision denying disability benefits is no longer

20   supported by substantial evidence in the record. *See id.* at 1164.

As recognized by the Plaintiff, in the case at hand the new evidence only potentially effects the ALJ's decisions regarding Plaintiff's credibility after September 2013 and Dr. Atfeh's April 2015 medical opinion because the new evidence spans the gap between the September 2013 hearing and the August 2015 hearing and does not pertain to the period prior to September 2013. *See* AR 1523, 2164; ECF No. 18 at 4.

Of the 751 pages of new evidence, Plaintiff points to ten pages addressing her limitations she contends supports her argument that the ALJ's decision is not supported by substantial evidence in the record. ECF No. 18 at 14-15. Specifically, Plaintiff cites to examinations in January 2014 (AR 1614-15), February 2014 (AR 1666), and April 2014 (AR 1707-08), arguing that this evidence regarding her lower extremity strength undermines the ALJ's decision. However, apart from the February 2014 exam and Plaintiff's noted lack of effort, these records show that Plaintiff's lower extremity strength has improved since her surgery. *Compare* AR 1419 with AR 1405, 1614-15, 1707-08. Her latest exam in April 2014 documents much improved lower extremity strength. AR 1707-08. The ALJ specifically noted that Plaintiff was independent in her activities of daily living before the surgery when her lower extremity strength was less than after the surgery. AR 37. Additionally, the ALJ considered all of the Plaintiff's symptoms in assigning her a residual functional capacity of sedentary work with a sit/stand option. AR 36, 39.

Plaintiff also cites to records demonstrating some evidence of severe right side carpal tunnel syndrome and mild to moderate left side carpal tunnel syndrome in October 2014, and her decision to not have surgery for her carpal tunnel April 2015. AR 1770-72, 1954. However, the ALJ accounted for Plaintiff's symptoms in assigning a residual functional capacity of sedentary work with further limitations on reaching, handling, and fingering. AR 36. The ALJ's determination that the record lacks objective evidence to support the degree of limitation asserted by the Plaintiff is also supported by Plaintiff's testimony that she only wears her carpal tunnel brace at night and is likely not going to have carpal tunnel release, her decision to not have surgery to alleviate the symptoms, new evidence that she was able to pull weeds and pot plants, and her neurological examinations were normal, including normal sensation, reflexes, coordination, muscle strength, and tone. AR 38, 1996, 2014, 2025, 2045.

Additionally, the new evidence submitted by the Plaintiff further supports the ALJ's decision. The new evidence is replete with objective tests and observations of normal exams, full range of motion in all joints, no apparent distress, intact foot strength, normal gait, and improved lower extremity strength. *See* AR 1527, 1530, 1537, 1541, 1552, 1752, 1793, 1813, 1875, 2188, 2217. The new evidence also includes statements by the Plaintiff that she is doing well and able to move around more after surgery, her pain is well controlled most of the

time with medication, and in 2015 she denied loss of strength. AR 1606, 1628, 1776, 1938, 1986.

The Court finds that Plaintiff's argument, that the Appeals Council did not take appropriate action on the new evidence and thereby undermined the evidentiary basis for the ALJ's findings, fails. The Appeals Council admitted the new evidence into the record and specifically found that it does not provide a basis for changing the ALJ's decision. AR 2. The new evidence submitted by the Plaintiff provides additional support for the ALJ's decision and does not undermine it.

**B. The ALJ Properly Discounted Plaintiff's Credibility.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 30, 37. The ALJ provided multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony. AR 28-31, 36-37.

The ALJ found that Plaintiff's allegations of disabling limitations are belied by her daily activities. AR 30-31, 37. These include her ability to raise two children, get the children to school, help with the children's homework, care for two dogs, perform all household chores daily, drive, shop weekly, pay attention "all day", manage personal care, cook meals, and she was a fulltime student online. AR 30-31, 382-387. Activities inconsistent with the alleged symptoms are proper

grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ reasonably found that Plaintiff's daily activities contradict her allegations of total disability. The record supports the ALJ's determination that Plaintiff's conditions are not as limiting as she alleges.

The ALJ also noted multiple inconsistencies with the medical evidence. AR 28-31, 36-37. This determination is supported by substantial evidence in the record. An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Plaintiff alleges completely debilitating pain limitations. AR 28. However, physical examinations generally suggested she was not as limited as she alleged, including a plethora of notations demonstrating she was able to care for herself and her mobility without assistance, normal gait and normal or improved strength. *See e.g.*, AR 28-31, 1210, 1258, 1527, 1537, 1541, 1552, 1813, 1875, 2188, 2217.

The ALJ noted several inconsistent statements, lack of following treatment recommendations, and overstating her symptoms and diagnoses. AR 28-31. An ALJ may rely on ordinary techniques of credibility evaluation such as a witness's prior inconsistent statements. *Tommasetti*, 533 F.3d at 1039. A claimant's statements may be less credible when treatment is inconsistent with the level of complaints or a claimant is not following treatment prescribed without good reason. *Molina*, 674 F.3d at 1114. If a claimant's condition is not severe enough to motivate them to follow the prescribed course of treatment this is "powerful evidence" regarding the extent to which they are limited by the impairment. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ noted several occasions in which Plaintiff was noncompliant with her medication for months at a time, inconsistent statement regarding her tobacco use, and overstated her cardiovascular symptoms and diagnoses. *See e.g.*, AR 31, 553, 557, 578, 580.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court does not find the ALJ erred when discounting

Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

### C. The ALJ Properly Weighed the Medical Opinion Evidence.

#### a. Legal Standard.

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881

F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or her own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### b. Joselyn Bailey, M.D.

Dr. Bailey is a medical expert that testified at the September 2013 hearing. AR 22, 68-78. Dr. Bailey testified that Plaintiff could perform light work with additional exertional limitations. *Id.*

The ALJ assigned some weight to Dr. Bailey's opinion. AR 32. Plaintiff argues that this opinion should have been given less weight because Dr. Bailey did not specifically mention some of the records and she could not immediately find a few of the records Plaintiff's counsel referenced at the hearing and instead she agreed with Plaintiff's counsel's description of the records. ECF No. 18 at 8-10. However, this Court cannot re-weigh the evidence. The ALJ is the trier of fact, and "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). It is "the ALJ [who] is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Additionally, great weight may legitimately be given

to the opinion of a non-examining expert who testifies at a hearing, such as Dr. Bailey. *Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995). Dr. Bailey's opinion is also consistent with the opinions of Dr. Perencevich and Dr. Long that were assigned significant weight and are uncontested. AR 32. The ALJ's decision is supported by substantial evidence in the record.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Bailey's opinion.

### c. Bashard Elali, M.D.

Dr. Elali is a treating doctor who filled out a questionnaire regarding Plaintiff's residual functional capacity on June 20, 2013. AR 1198-1204. Dr. Elali opined that Plaintiff could carry no more than 10 pounds occasionally and less than 10 pounds frequently, could stand or walk less than two hours in an eight-hour day, could sit for five minutes at a time before needing to change positions, stand for 10 minutes at a time before needing to change positions, would need to walk for five

minutes for relief after sitting for 10 minutes, and could only stand and walk five to

15 minutes in an eight-hour workday. AR 33-34, 1198-1204. This opinion is

contradicted by the opinions of Dr. Perencevich, Dr. Long, and Dr. Bailey.

The ALJ assigned little weight to Dr. Elali's opinion for multiple valid

reasons. AR 33-34. First, the ALJ noted that the opinion is inconsistent with the

medical record. *Id*. In support of his opinion, Dr. Elali stated Plaintiff had a

herniated cervical spine and lumbar spinal stenosis with herniated discs. AR 33,

1198. However, as the ALJ noted, "diagnostic imaging did not indicate that the

claimant had herniated discs or a herniated cervical spine." AR 33, 757-758, 1193.

Dr. Elali's extreme limitations are inconsistent with the medical records

demonstrating the Plaintiff had been doing well, she had no deformity of the

lumbar spine, she had a normal full range of motion in all joints, she could get in

and out of a chair without assistance, and she could ambulate without difficulty.

*See e.g.*, AR 1228, 1244, 1253, 1258, 1270, 1267. The ALJ also noted that Plaintiff

was able to sit for the entire hearing that lasted much longer than five minutes. AR

33. An ALJ may reject a doctor's opinion when it is inconsistent with other

evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d

595, 600 (9th Cir. 1999). An ALJ may consider the claimant's actions at the

hearing if they are inconsistent with her complaints. *Nyman v. Heckler*, 779 F.2d

528, 531 (9th Cir. 1985).

The ALJ also found that Dr. Elali's opinion is internally inconsistent and too extreme as to be implausible. AR 33-34. The ALJ noted that Dr. Elali's restrictions were "so extreme that it seems the claimant should have been living in a skilled nursing facility," given the extreme sitting and standing limitations. AR 33. An ALJ may reject even a doctor's opinion that is so extreme as to be implausible and not supported by any findings made by any other doctor. *See Rollins*, 261 F.3d at 856.

Additionally, the ALJ noted that the severe limitations are inconsistent with Plaintiff's statements of her limitations and her daily activities. AR 33-34. Plaintiff's function report she prepared during the time she was seen by Dr. Elali, and Plaintiff's testimony regarding her activities and limitations vastly exceed the restrictions in Dr. Elali's opinion. AR 33-34, 82-83, 382-86. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan*, 169 F.3d at 600. And, an ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins*, 261 F.3d at 856.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also*

*Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Elali's opinion.

### d. Alaa Atfeh, M.D.

Dr. Atfeh is a treating doctor who completed a physical residual functional capacity assessment in April 2015. AR 37, 1514-21. Dr. Atfeh opined, based on Plaintiff's limited range of lumbar motion, that Plaintiff needed to shift positions and lie down twice per workday, she could lift/carry less than ten pounds, and sit for less than two hours per workday. *Id*. The opinion states that Plaintiff could occasionally perform postural activities, except never stooping or climbing ladders, and she should avoid all exposure to hazards. *Id*. Dr. Atfeh also opined, based on Plaintiff's carpal tunnel syndrome, that Plaintiff could occasionally reach, handle, and push/pull, but never finger or feel. *Id*.

The ALJ did not completely reject this opinion, but assigned it some weight except for the limitations as to sitting, stooping, and manipulating. AR 37-38. The ALJ properly supported this determination with multiple valid reasons supported by the record. First, the ALJ noted that Dr. Atfeh has treated Plaintiff for less than a year and did not relate his findings to any of the previous four years of alleged disability, providing Dr. Atfeh with a limited window into Plaintiff's functioning.

AR 37. The length of a treating relationship is a valid consideration when evaluating what weight to give an opinion. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Plaintiff alleges that the new evidence submitted to the Appeals Counsel better demonstrates the treating relationship, but recognizes that it is not longer than that which was already known by the ALJ at the time of the ALJ's decision.

The ALJ also noted that the severe limitations in Dr. Atfeh's opinion are contradicted by medical evidence in the record and by Plaintiff's own assertions. AR 37-38. Dr. Atfeh opined that Plaintiff could only occasionally handle and push/pull, and never finger, feel, or stoop; however, the ALJ noted that after her surgery, Plaintiff improved greatly and had 5/5 strength in her upper extremities, 4/5 strength in her lower extremities, and intact sensation. AR 38, 1419. Plaintiff also testified she only wore her hand brace at night and did not have plans to get surgery for carpal tunnel, deflating the severity of the limitations asserted by Dr. Atfeh. AR 38, 102-03. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan*, 169 F.3d at 600. And, an ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins*, 261 F.3d at 856. Plaintiff contends that ten pages of the 751 pages of new evidence submitted to the Appeals Counsel, addressing her back pain and carpal tunnel syndrome, support Dr. Atfeh's

determination. ECF No. 18 at 14-15. However, while the records cited to by the Plaintiff show some functional difficulties, they support the ALJ's determination that her condition was better post-surgery, she had at least 4/5 strength in her lower extremities, she had a grossly normal gait, and her own reports that her pain was "well controlled most of the time" with medications, and the new evidence supports the ALJ's determination that she is not as limited as Dr. Atfeh opined. *See e.g.*, 1541, 1614-1615, 1707-1708, 1752, 1776, 1793, 1813, 1875, 1945-1946, 2188, 2217.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Atfeh's opinion.

**D. The ALJ Properly Evaluated the Lay Witness Evidence.**

The opinion testimony of Plaintiff's daughter, Jessi Ann Haney, falls under the category of "other sources." "Other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses,

and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

Only July 23, 2013, Plaintiff's daughter prepared a statement in support of the disability claim. AR 34, 427-30. Plaintiff's daughter states that Plaintiff's impairments are so significant that she can no longer complete housework. *Id*. The ALJ found that this statement did not persuade her that Plaintiff's residual functional capacity prior to September 2013 was more restrictive. AR 34. The ALJ noted that Plaintiff's daughter's statements were contradicted by Plaintiff's own testimony regarding her abilities and limitations. AR 34, 82, 427. An ALJ may reject even a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan*, 169 F.3d at 602-03. An ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Additionally, the ALJ found that the statement is based on Plaintiff's subjective complaints, that

were properly discredited, rather than objective medical evidence. AR 34. An ALJ may discount even a treating provider's opinion if it is based largely on the claimant's self-reports, and the ALJ finds the claimant not credible. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

The Court finds the ALJ properly provided germane reasons for rejecting Ms. Haney's statements.

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 19,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 29th day of June, 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge